# IN THE COURT OF APPEALS OF IOWA

No. 15-0677
Filed March 9, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**BRANDY S. BRANDENBURG,**
          Defendant-Appellant.

_____

          Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

          Brandy Brandenburg appeals her conviction for operating while under the influence of a drug.  **AFFIRMED.**

          Bradley T. Boffeli of Boffeli & Spannagel, P.C., Dubuque, for appellant.

          Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

          Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Brandy Brandenburg appeals her conviction following a jury trial for operating while under the influence of a drug, in violation of Iowa Code sections 321J.2(1)(a) and 321J.2(2)(a) (2013). Brandenburg complains there is insufficient evidence to support the jury's guilty verdict.

We review claims of insufficient evidence for correction of errors of law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We view the evidence in the light most favorable to upholding the verdict, and we affirm if there is substantial evidence from which a rational factfinder could determine guilt beyond a reasonable doubt. *Id.* at 439-40.

The jury was instructed that to convict Brandenburg,

> The State must prove both of the following elements of Operating While Intoxicated:
> 1. On or about the 29th day of December, 2013, the defendant operated a motor vehicle.
> 2. At that time, the defendant was under the influence of drugs.
> If the State has proved both of the elements, the defendant is guilty of Operating While Intoxicated. If the State has failed to prove either one of the elements, the defendant is not guilty of Operating While Intoxicated.

At trial, the jury heard a 911 caller's description of Brandenburg's erratic driving. The jury also viewed the traffic-stop officer's dashboard camera video. Brandenburg told the officer that she had taken medications about an hour earlier but could not tell him what it was. The video also showed Brandenburg attempting to perform the field sobriety tests, failing to keep her balance, and failing to comprehend simple instructions, count backwards, or recite pieces of the alphabet. Brandenburg was transported to the police station.

Based on Brandenburg's erratic driving, memory impairment, failure of several field sobriety tests, and a preliminary breath test that indicated no alcohol in her system, Corporal Steven Eastvedt was asked to conduct a drug recognition evaluation. He ruled out physical conditions and medical concerns. Brandenburg gave various statements about taking different medications; she did not remember what medications she had taken; she stated she took medications for anxiety, depression, and insomnia; and she stated one of the medications might be a generic form of Zoloft, an antidepressant. The urinalysis conducted did not test for that substance.

On appeal, Brandenburg contends there was insufficient evidence to support her conviction because there is "no record of exactly what drugs [she] consumed" or "that such drug was influencing her" reasoning or mental ability or impairing her judgment. Brandenburg seeks support for her position in this court's decision of *State v. Davis*, No. 14-0829, 2015 WL 4936398 (Iowa Ct. App. Aug. 19, 2015), where we reversed a conviction for operating while under the influence of drugs based on insufficient evidence.[1] There we held:

> Without a drug recognition expert to identify the signs of drug intoxication and without the discovery of drugs on Davis or in the vehicle, . . . the officers' testimony would have been required to engage in speculation to infer he was under the influence of drugs. *See State v. Schories*, 827 N.W.2d 659, 666 (Iowa 2013). We conclude there is insubstantial evidence to support a finding that Davis was "under the influence of . . . drugs or a combination of such substances." Iowa Code § 321J.2(1)(a).

---

[1] In *Davis*, there was substantial evidence of alcohol intoxication. 2015 WL 4936398, at *1. However, the jury was instructed in the alternative and because we concluded there was not evidence to support a conviction under the alternative theory of intoxication by controlled substance, we reversed and remanded for a new trial. *Id.* at *1-2. Unlike *Davis*, here the jury was instructed on only one theory—operating while under the influence of drugs.

*Davis*, 2015 WL 4936398, at * 1.

Here, however, there *is* drug-recognition expert testimony by Corporal Eastvedt identifying the signs of drug intoxication. Brandenburg told Corporal Eastvedt that one of the drugs she had taken prior to driving may have been a generic form of Zoloft, which is a central nervous system depressant. Corporal Eastvedt testified that Zoloft would produce effects consistent with those he observed during Brandenburg's evaluation. Moreover, the State also presented evidence of mental and physical impairment, as well as testimony that Brandenburg's impairment was not due to other reasons such as physical sickness or injury. There is substantial evidence from which a rational fact finder could conclude Brandenburg was operating a motor vehicle while under the influence of a drug.[2] We therefore affirm the conviction.

**AFFIRMED.**

---

[2] The jury was also not instructed on the prescription drug defense. *Cf. Schories*, 827 N.W.2d at 665 (noting prescription drug defense would require, upon evidence of a valid prescription, that the defendant was not taking the prescription "according to [the] physician's instructions and labeling directions of the pharmacy").